UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Crim. No. 17-408 (NLH) |
| v. | : |
| MIRZA HUSKIC, a.k.a. "Mike" | : |

## SECOND PROTECTIVE ORDER

WHEREAS this matter having come before the Court on the application of the United States in the above-captioned matter for a protective order;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that the United States has demonstrated that good cause exists for the entry of a protective order in this case; and

WHEREAS the United States has proposed a procedure by which discoverable materials will be provided to the Defendant that protects the rights of the public, the Defendant, and witnesses involved in this case and allows for reasonable use of discovery materials by the Defendant to prepare for trial in this case;

IT IS HEREBY ORDERED:

1. As used in this order:

    a. "The Defense" shall mean: the Defendant and his attorneys of record, and those attorneys' associated paralegals, investigators, experts (retained pursuant to a written retainer agreement by the Defendant and/or his counsel in connection with the criminal case), secretaries employed by the attorneys of record and performing

    services on behalf of the Defendant, and such other persons as hereafter may be authorized by the Government or the Court upon motion by the defense.

  b. "Discovery Materials" shall mean: all documents, recordings, photographs, and other materials disclosed by the Government to the Defense, including but not limited to materials produced pursuant to Federal Rule of Criminal Procedure 16(a)(1); the Jencks Act, 18 U.S.C. § 3500(b); the Supreme Court's holdings in *Brady v. Maryland*, 373 U.S. 83 (1973) and *Giglio v. United States*, 405 (405 U.S. 150 (1972); and other applicable procedural rules and statutes.

 2. The discovery materials include the personal identifying information of defendant(s), witness(es), and presently uncharged parties, which may include but is not limited to names, Social Security numbers, dates of birth, phone numbers, physical addresses, and drivers' licenses, as well as sensitive, non-public information gathered during the course of the investigation, some of which relates to potentially identifying information regarding conduct by confidential human sources (CHSs) and undercover agents (hereinafter, "Protected Information"). Given the risks posed by disclosure and the prevalence of Protected Information throughout the discovery materials, all discovery materials are to be treated as Protected Information. The use of Protected Information by the defense is subject to the terms and limited exceptions set forth herein.

 3. The following restrictions apply to the Defense, unless further ordered by the Court. The defense shall not:

a. Disseminate copies of Protected Information to persons not authorized in paragraph 1(a);

b. Allow persons not authorized in paragraph 1(a) to read, view, or listen to Protected Information;

c. Allow persons not authorized in paragraph 1(a) to possess any of the Protected Information;

d. Use Protected Information for any purpose other than preparing for the Defendant's defense in this case (i.e., for proffer meetings, hearings, or trial);

e. Allow the Defendant to possess covert video recordings made in connection with the investigation in this case, or still images from those video recordings to the extent those images show identifying features of confidential human sources and undercover special agents (i.e., his or her face);

f. With respect to the Defendant specifically, duplicate any discovery materials, whether by photocopy, photograph, writing, or otherwise, except that the Defendant may take notes for the limited purpose of assisting in his defense, so long as those notes are not disseminated or shown to persons other than authorized persons identified in paragraph 1(a) and do not amount to duplicates of materials protected herein.

4. The Defendant's attorneys shall inform any person to whom disclosure may be made, pursuant to this Order, of the existence and terms of this Court's Order. The Defendant's attorneys shall provide that person a copy of this Order. The designated person shall be subject to the terms of this Order. Defense counsel shall maintain a record of all such persons who have received Protected Information, which record shall be provided to the Government upon request.

5. Authorized persons identified in paragraph 1(a) may not disclose Protected Information to any unauthorized person unless the Defendant and/or his counsel makes a written request to the Government for an exception to these restrictions, and such a request is granted. If such exceptions are refused, the Defendant and/or his counsel may seek relief from the Court.

6. Authorized persons identified in paragraph 1(a) shall store the Protected Information in a secure place and shall use reasonable care to ensure that the Protected Information is not disclosed or disseminated to any third party in violation of this Order. In the event of any inadvertent disclosure of Protected Information, counsel for the Defendant shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Protected Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Information.

7. The aforementioned restrictions shall not restrict or limit the use or introduction as evidence of discovery materials containing Protected Information during hearings or trials in this matter, if the inclusion of such information is relevant and otherwise admissible pursuant to the Federal Rules of Evidence and in compliance with any applicable Local Rules.

8. This stipulation is binding on all future and successor counsel, and applies to Protected Information disclosed to the defense prior to the date of the Order below.

9. Neither the Defendant nor his counsel have any ownership or proprietary interest in the Protected Information. Upon conclusion of this litigation (i.e., when the Defendant has exhausted any right of direct appeal from any judgment and conviction resulting from a trial or guilty plea), the Defendant's attorneys shall return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all materials containing Protected Information within a reasonable time, not to exceed sixty (60) days after the conclusion of the litigation.

## ORDER

IT IS SO ORDERED

this \_\_\_18th\_\_\_ day of May 2018.

Camden, New Jersey

_____
HONORABLE NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE